[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carla Woodcock, filed a three count amended complaint dated August 17, 1990 alleging, in the first count, that the defendant Journal Publishing Co, Inc. (hereinafter "Journal Publishing") printed false and defamatory statements about her in its newspaper. The second count sets forth a claim for "libel by omission." Journal Publishing has moved to strike the second count on the ground that a cause of action for libel by innuendo or omission is not recognized in Connecticut. The plaintiff claims that the case of Strada v. Connecticut Newspapers, Inc, 193 Conn. 313
(1984), outlines the circumstances required to make the omission of fact actionable and that her case fits within those parameters.
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Conn. Practice Book Sec. 152; see Mingachos v. CBS, Inc.196 Conn. 91, 108 (1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
In Strada, the court held that, "[u]nder the circumstances of this case, the trial court did not err in concluding as a matter of law that there could be no libel by innuendo of a public figure where the challenged communication is true." Strada, 193 Conn. at 327. The court found that all the statements of fact and quotations in the article were true or substantially true. Id. at 317. The court stated that,
 in the present case, the plaintiff seeks to recover from a publication where all the underlying and stated facts have been proved to be true, or substantially true, claiming that the "slant" of the article gives rise to allegedly false and defamatory implications. Unlike Memphis Publishing Co. v. Nichols, . . . [569 S.W.2d 412 (Tenn. 1978)] the plaintiff here has not alleged, nor has our examination of the record disclosed, the existence of additional material facts which, if reported, CT Page 5487 would have changed the tone of the article. . . In the absence of such undisclosed facts, first amendment considerations dictate that an article concerning a public figure composed of true or substantially true statements is not defamatory regardless of the tone or innuendo evident.
Id. at 323 (footnote omitted).
The second count in this case alleges, in paragraph 6, that "the defendants published a series of articles which contained false statements of fact which accused the plaintiff of acting improperly while considering the defendant Bellock's application." Paragraph 7 alleges that the "articles failed to disclose underlying facts known to the defendants, which if reported would have changed the defamatory tone of said articles." Paragraph 8 alleges that "[t]he defendants knew that the implication of the articles was false and they acted with actual malice or in reckless disregard as to whether these implications were true or false by failing to disclose the information that would have dispelled the defamatory implications in the articles as published."
The plaintiff here has alleged that the articles contained false statements, while, in Strada, the facts had been proved to be true or substantially true. The plaintiff here has also alleged, unlike the plaintiff in Strada, that there were additional facts known to the defendants which, if reported, would have changed the tone of the article. The plaintiff has further alleged that the defendants acted with actual malice or reckless disregard as to whether the implications were true or false. Reading these allegations in the light most favorable to the plaintiff, the second count or the complaint states a cause of action for libel by omission or innuendo. Accordingly, the defendant Journal Publishing's motion to strike is denied.
HON. PHILIP DUNN, J. Superior Court Judge